UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PARS EQUALITY CENTER, et al., | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 24-03169 (PLF) |
| MARCO A. RUBIO,[1] Secretary of State, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANUM OPINION

This case is before the Court on the government's Motion to Dismiss [Dkt.

No. 40].[2]  Plaintiff Mona Sadat Sadati, a United States citizen, submitted a Form I-130 Petition

for Alien Relative to obtain a family-sponsored immigrant visa on behalf of her father, plaintiff

Seyed Ghasem Sadati.  Compl. ¶ 53.[3]  In connection with Mr. Sadati's immigrant visa

application, he was interviewed by a consular officer, and thereafter his application was refused

and placed in "administrative processing."  Id. ¶ 54.  The plaintiffs contend that the government

---

[1]     Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Marco A. Rubio, current U.S. Secretary of State, and Stuart R. Wilson, current Deputy Assistant Secretary for Visa Services, are "automatically substituted" as parties to this litigation.

[2]     The documents considered by the Court in connection with the pending motion include: Plaintiffs' Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus ("Compl.") [Dkt. No. 1]; Defendant's Motion to Dismiss and Memorandum in Support of Defendants' Motion to Dismiss ("MTD") [Dkt. No. 40]; Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss ("Opp.") [Dkt. No. 41]; Defendants' Reply Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Reply") [Dkt. No. 42]; and Plaintiffs' Notice of Voluntary Dismissal ("Notice") [Dkt. No. 43].

[3]     There are only two remaining plaintiffs in this case:  Mona Sadat Sadati and Seyed Ghasem Sadati.  See Notice.

has unreasonably delayed and unlawfully withheld a decision on Mr. Sadati's visa application, and they seek an order compelling the government to decide the application promptly.

Upon careful consideration of the parties' written submissions and the relevant authorities, the Court granted the government's motion and dismissed the plaintiffs' complaint by Order on September 30, 2025 [Dkt. No. 44]. This Opinion explains the reasoning behind that Order.

## I.  BACKGROUND

### *A. Statutory Background*

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., governs the issuance of various types of visas to foreign nationals seeking entry into the United States. Pursuant to the INA, the State Department has promulgated numerous regulations pertaining to immigrant visas. One such regulation provides that "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa [or] refuse the visa under INA 212(a) or 221(g) or other applicable law." 22 C.F.R. § 42.81(a). Section 221(g) of the INA, in turn, provides that if an applicant fails to establish visa eligibility, the consular officer "shall" refuse the application. See 8 U.S.C. § 1201(g); see also id. § 1361 (placing the burden on the applicant to establish eligibility).

The consular officer may, however, "choose to place an officially refused application in administrative processing," which allows the officer to "re-open and re-adjudicate" the previously refused application if additional information comes to light. Karimova v. Abate ("Karimova"), No. 23-5178, 2024 WL 3517852, at *2 (D.C. Cir. July 24, 2024) (per curiam) (citing 9 Foreign Affairs Manual ("FAM") § 306.2-2(A)(a)). "Unless and until" a consular

officer re-opens a visa application, the "application remains officially refused." Id. "Because the visa application has already been officially refused, keeping the door open in administrative processing can only benefit, never hurt, the applicant's entry prospects." Id.

Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Under the Administrative Procedure Act ("APA"), a court may compel agency action that is "unreasonably delayed." 5 U.S.C. § 706(1). Under Section 706(1) of the APA, however, "a delay cannot be unreasonable with respect to action that is not required" by law. Norton v. S. Utah Wilderness All. ("Norton"), 542 U.S. 55, 63 n.1 (2004); see also id. at 64 ("[A] claim under [Section] 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take.").

### B. Factual and Procedural Background

Plaintiff Mona Sadat Sadati, a United States citizen, submitted a Form I-130 Petition for Alien Relative on behalf of her father, plaintiff Seyed Ghasem Sadati, an Iranian national. Compl. ¶¶ 53-54. Mr. Sadati executed his immigrant visa application during an interview with a consular officer at the U.S. Embassy in Abu Dhabi, United Arab Emirates, on May 15, 2023. Id. ¶ 54. Following that interview, Mr. Sadati's visa application was refused and placed in "administrative processing." Id. To date, Mr. Sadati's visa application remains refused and in administrative processing, causing the plaintiffs and their family to experience significant hardship. Id. ¶¶ 55.

The plaintiffs initiated this lawsuit on January 1, 2024, in the U.S. District Court for the Northern District of California. See Compl. The original plaintiff group was comprised

3

of one organizational plaintiff—PARS Equality Center—and thirteen Iranian American families as follows: thirteen individuals who are U.S. citizens or lawful permanent residents, as well as twenty-four of their respective Iranian spouses, children, parents, and siblings on whose behalf the individuals have filed immigrant visa petitions.  See id.  The plaintiffs challenged the timing of the government's collection of a particular form in connection with visa applications, and they also alleged that the government had unreasonably delayed and unlawfully withheld the final adjudication of the plaintiffs' immigrant visa applications.  See id.  On November 5, 2024, Judge Susan Illston dismissed the plaintiffs' challenge to the timing of the form collection (Count One).  See Dkt. No. 33.  Judge Illston then severed and transferred the surviving claims of four plaintiffs—including Ms. and Mr. Sadati—to this judicial district.  See Dkt. No. 36.  In the remaining counts (Counts Two to Five), the plaintiffs assert causes of action arising under both the APA, 5 U.S.C. §§ 555(b), 706(1), 706(2), and the Mandamus Act, 28 U.S.C. § 1361.  See Compl. ¶¶ 167-227.  On December 10, 2024, the government filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  See MTD.  The plaintiffs filed an opposition on December 24, 2024, see Opp., and the government filed a reply on December 31, 2024, see Reply.  The Court decided the government's motion by Order on September 30, 2025.

## II. STANDARD OF REVIEW

*A. Motions to Dismiss Under Rule 12(b)(1) of the Federal Rules of Civil Procedure*

Federal courts are courts of limited jurisdiction, possessing only those powers authorized by the Constitution and an act of Congress.  See Janko v. Gates, 741 F.3d 136, 139 (D.C. Cir. 2014); Abulhawa v. U.S. Dep't of the Treasury, 239 F. Supp. 3d 24, 30 (D.D.C. 2017).  Lack of subject matter jurisdiction is fatal to a court's authority to hear a case.

See FED. R. CIV. P. 12(h)(3).  The plaintiff bears the burden of establishing that the Court has

jurisdiction.  See Khadr v. United States, 529 F.3d 1112, 1115 (D.C. Cir. 2008); Walen v. United

States, 246 F. Supp. 3d 449, 452 (D.D.C. 2017).  In determining whether to grant a motion to

dismiss for lack of subject-matter jurisdiction, the Court must construe the complaint in the

plaintiff's favor and treat all well-pleaded factual allegations as true.  See Attias v. CareFirst,

Inc., 865 F.3d 620, 627 (D.C. Cir. 2017).  The Court "need not accept factual inferences drawn

by plaintiffs if those inferences are not supported by facts alleged in the complaint," and the

Court need not accept a plaintiff's legal conclusions.  Disner v. United States, 888 F.

Supp. 2d 83, 87 (D.D.C. 2012) (quoting Speelman v. United States, 461 F. Supp. 2d 71, 73

(D.D.C. 2006)).  In determining whether a plaintiff has established jurisdiction, the Court "may

consider materials beyond the pleadings where appropriate."  Cumis Ins. Soc'y, Inc. v.

Clark, 318 F. Supp. 3d 199, 207 (D.D.C. 2018).

> *B. Motions to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure*

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6),

a plaintiff must plead facts that "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration

in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Although "detailed factual

allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, the "complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. at 570); see Spence v. U.S. Dep't of Veterans Affs., 109 F.4th 531, 539

(D.C. Cir. 2024).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

5

alleged." In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. at 678).

In deciding a motion to dismiss under Rule 12(b)(6), the Court "must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Sanchez v. Off. of State Superintendent of Educ., 45 F.4th 388, 395 (D.C. Cir. 2022); see Ashcroft v. Iqbal, 556 U.S. at 678. The Court considers the complaint in its entirety, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), and construes it liberally, granting the plaintiff "the benefit of all inferences that can [reasonably] be derived from the facts alleged," Sickle v. Torres Advanced Enter. Sols., LLC., 884 F.3d 338, 345 (D.C. Cir. 2018) (alteration in original). The Court, however, need not accept all inferences drawn by the plaintiff "if such inferences are unsupported by the facts set out in the complaint." Nurriddin v. Bolden, 818 F.3d 751, 756 (D.C. Cir. 2016); see Ashcroft v. Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555); see also Kaempe v. Myers, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice.").

### III. DISCUSSION

In Counts Two to Five, the plaintiffs challenge the government's alleged failure to timely adjudicate Mr. Sadati's visa application, and they ask the Court to compel the government to decide the application promptly. See Compl. ¶¶ 167-225. The plaintiffs seek such action under both the APA, 5 U.S.C. §§ 555(b), 706(1), 706(2), and the Mandamus Act, 28 U.S.C.

§ 1361. See id. To prevail under either statute, the plaintiffs must make a "threshold" showing that the government has "failed to take a discrete agency action that it is required to take." Karimova, 2024 WL 3517852, at *1 (quoting Norton, 542 U.S. 55 at 64); see Skalka v. Kelly, 246 F. Supp. 3d 147, 152 (D.D.C. 2017) ("The standard by which a court reviews this type of agency inaction is the same under both [Section] 706(1) of the APA and the Mandamus Act."). Put differently, the plaintiffs must identify a discrete, nondiscretionary duty that obligates the government to take further action on Mr. Sadati's visa application. See Karimova, 2024 WL 3517852, at *1. The Court has no authority to compel a "discrete agency action that is not demanded by law (which includes . . . agency regulations)." Norton, 542 U.S. at 65.

The plaintiffs have not identified a discrete, nondiscretionary duty that requires the government to act further on Mr. Sadati's visa application.[4] The plaintiffs point to 5 U.S.C. §§ 555(b) and 706(1), various parts of Title 22 of the Code of Federal Regulations, and scattered sections of the FAM as potential sources of the government's nondiscretionary duty. See Opp. at 6-7, 18-20. Their arguments with respect to each provision can be dispensed with in short order based on this Court's recent opinions applying the D.C. Circuit's Karimova decision. See Hurtado v. Foley ("Hurtado"), Civil Action No. 24-3270 (PLF), 2025 WL 2757557, at *4 (D.D.C. Sep. 29, 2025); Datta v. Rubio ("Datta"), Civil Action No. 24-2937 (PLF), 2025 WL 752643, at *7 (D.D.C. Mar. 10, 2025). Importantly, as in each of those prior cases and

---

[4]    The government argues in the alternative that the Court should dismiss the complaint because the doctrine of consular nonreviewability precludes judicial review. See MTD at 16-19. Because the Court agrees that the plaintiffs have not identified a discrete, nondiscretionary duty that the government must fulfill for an already-refused visa application, the Court need not consider the government's alternate argument that the plaintiffs' claims should be dismissed under the consular nonreviewability doctrine.

Karimova itself, the plaintiffs here concede that Mr. Sadati's visa application has been "refused" pursuant to Section 221(g) of the INA. See Compl. ¶ 145.

In Karimova, a unanimous panel of the D.C. Circuit explained that when a consular officer "officially refuse[s]" a visa application pursuant to INA Section 221(g), any duty that the officer may have had to adjudicate the application under Section 555(b) of the APA is discharged. Karimova, 2024 WL 3517852, at *4; see 8 U.S.C. § 1201(g). And that is so even if the consular officer proceeds to place the executed visa application into administrative processing. See Karimova, 2024 WL 3517852, at *4 ("Nothing in federal law speaks to the ability of a consul . . . to hold onto the [refused] application in case circumstances later change in the applicant's favor . . . ."). Simply put, an applicant who has been issued a refusal under Section 221(g) has received a "decision that the law expressly authorizes as one of the allowed actions on a visa application," regardless of whether the application is eventually "re-open[ed] and re-adjudicate[d]." Id. at *2, *4.

The Court acknowledges that judges in this district disagree on whether the D.C. Circuit's unpublished decision in Karimova is precedential. See Datta, 2025 WL 752643, at *6 n.3 (collecting cases). This Court declines to wade into that debate and instead concludes, as it has in prior opinions, that the D.C. Circuit's reasoning is persuasive. See Hurtado, 2025 WL 2757557, at *4 (adopting Karimova's reasoning); Datta, 2025 WL 752643, at *7 (same); see also Ariani v. Rubio, Civil Action No. 25-0349 (TSC), 2025 WL 3653503, at *4 (D.D.C. Dec. 17, 2025) ("[T]he court finds Karimova persuasive."); Kachooee v. Allen, Civil Action No. 25-00139 (TNM), 2025 WL 2986451, at *2 (D.D.C. Oct. 23, 2025) ("Karimova is persuasive."); Baradaran v. Rubio, Civil Action No. 24-2946 (DLF), 2025 WL 2506546, at *2 (D.D.C. Sep. 2, 2025) (concluding that Karimova's "reasoning is persuasive and applies here");

8

Pour v. Rubio, Civil Action No. 25-573 (JEB), 2025 WL 2374559, at *5 (D.D.C. Aug. 14, 2025) ("Regardless of whether Karimova is actually binding, it is still a case decided by the Circuit that contains reasoning that the Court finds persuasive as to the APA."); Doroodchi v. Rubio, Civil Action No. 24-3170 (CRC), 2025 WL 1865114, at *4 (D.D.C. July 7, 2025) (applying Karimova as "the considered and unanimous judgment of a D.C. Circuit panel").  Consistent with the D.C. Circuit's holding in Karimova—and this Court's decisions in prior cases—the Court rejects the plaintiffs' assertion that Section 555(b) of the APA creates a further duty to act on a refused visa application that has been placed in administrative processing.  See Datta, 2025 WL 752643, at *7; Hurtado, 2025 WL 2757557, at *4.

To be sure, in Karimova the D.C. Circuit addressed only 5 U.S.C. § 555(b), whereas the plaintiffs here invoke various other provisions.  See Opp. at 6-7, 18-20. Nonetheless, the Karimova decision forecloses the plaintiffs' arguments based on those provisions as well.  That is because the "thrust of" the court of appeals' holding in "Karimova . . . is that an INA [Section] 221(g) refusal followed by administrative processing is a refusal."  Rezvani v. Rubio, Civil Action No. 24-03381 (CJN), 2025 WL 1293358, at *1 (D.D.C. May 5, 2025); see also, e.g., Ibrahim v. Spera, Civil Action No. 23-3563 (ABJ), 2024 WL 4103702, at *3 (D.D.C. Sep. 6, 2024) (rejecting the argument that Karimova is "confined to the issue of whether the APA alone created a duty for the [government] to complete administrative processing" because "one cannot read Karimova as saying anything other than a [Section] 221(g) refusal and placement in administrative processing was a conclusion").  As this Court has explained elsewhere, although the provisions to which the plaintiffs point clearly obligate the government to adjudicate Mr. Sadati's visa application, those provisions "stop short of creating a duty to further adjudicate a visa application that has already been refused by a

consular officer and placed in administrative processing." Hurtado, 2025 WL 2757557, at *5; see Datta, 2025 WL 752643, at *8.

Because the plaintiffs do not identify a clear requirement that the government act further on a visa application once a consular officer has issued a refusal under Section 221(g), their complaint must be dismissed.

### IV. CONCLUSION

For the reasons explained in this opinion, the Court GRANTED the government's Motion to Dismiss [Dkt. No. 40] and DISMISSED the plaintiffs' Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus [Dkt. No. 1] on September 30, 2025, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  An Order consistent with this opinion was issued on September 30, 2025 [Dkt. 44].

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 6|12|26